(No. 78-CC-0037–

AMERICAN ELECTRIC CONSTRUCTION COMPANY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 25, 1982.*

KARAGANIS & GOLD (WILLIAM J. KARAGANIS, of counsel), for Claimant.

TYRONE C. FAHNER, Attorney General (EDWARD C. HURLEY, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This cause comes before the Court on a stipulation filed by the parties wherein it is requested that this Court make an award in Claimant's favor in the amount of $59,388.15.

The Claimant, an electrical contractor, contracted with the State to perform electrical work on the construction of the Mental Retardation Facility in Tinley Park, Illinois.

During the course of construction the Claimant performed certain work which it claimed was not called for under its contract. The major portion of this extra work (count I) involved making underground connections between the fire alarm system at the Mental Retardation Facility and the fire alarm system at the existing facility. According to Claimant's compilation (exhibit A, attached to the stipulation), the value of this work totaled $48,455.00. Additionally, the Claimant performed 22 other tasks (count II), the value of which Claimant contends is $20,317.70 (exhibit B, attached to the stipulation). When attempts to resolve these problems failed, the complaint herein was filed.

As to the first count of the complaint, the Capital Development Board agrees that an addendum issued by the project architects erroneously deleted all work required to connect the new fire alarm system with the old system. After inspecting the project site and examining

Claimant's cost figures, the Board values this work at $45,865.00. The Board concurs that this work is a valid extra.

Regarding count II, the board agrees that 17 of the 22 tasks do constitute work not covered by the contract. The value of this work is $13,522.15.

This Court has frequently held that deviations from plans may be orally authorized by the State notwithstanding a requirement that no extras will be allowed except as ordered in writing. *Heil v. State* (1976), 31 Ill. Ct. Cl. 386.

Herein the Board does not dispute the fact that the Claimant was directed to perform the work in question by its representatives at the project site.

While this court is not bound by any stipulation made by the parties to a case, such a stipulation will not be rejected out of hand. It appears that the parties herein have carefully considered the merits of this claim with the give and take which characterizes arms-length bargaining. Such being the case, the Court allows the stipulation of the parties.

It is hereby ordered that Claimant, American Electric Construction Company, be awarded the sum of $59,388.15 (fifty nine thousand three hundred eighty eight dollars and fifteen cents) comprising $45,865.00 (forty-five thousand eight hundred sixty five dollars and no cents) under count I and $13,522.15 (thirteen thousand five hundred twenty two dollars and fifteen cents) under count II of the complaint herein in full and final satisfaction of any and all claims arising under cause number 78-CC-0037.